Barnard, P. J.
The exceptions taken to the rejection of thequestions putto the witness Ward as to the custom among builders in estimating for the number of brick required for building is not well founded. The issue was as to the market value of the plaintiff’s work, and with a view of diminishing the plaintiff’s claim the architect Ward was called and he testified that the plans require 48,537 bricks in the foundation, and that in making his estimate he allowed one-half for the opening of doors and windows. It was entirely immaterial what was the general custom. The exact rule was given in this cáse. The estimate for laying brick is an entirely different thing. There is a custom to consider for the purposes of compensation the window and door spaces as solid, is based upon the labor required to make the openings as equal to a solid wall of brick. The brick lading is computed by the thousand laid as if there were no spaces for door or windows.
The point urged upon this appeal in respect to the counter-claim set up in the defendants’ answer is not of weight under the pleadings and findings.
The plaintiff averred that he had a contract for the two houses and that the Messrs. Manderville, for whom the work was done, requested, and the parties agreed, to a relinquishment of the contract upon the basis that they would pay the plaintiff the market value of his work as performed, and this is so found to he the fact by the court.
If the contract had been neither performed or waived the plaintiff could recover nothing. The waiving of the contract upon the agreement to pay tor what was done is not denied, but is admitted by the Messrs. Manderville The only remaining question is one of fact. What was the value of the work done? There was a considerable discrepancy between the architect and the plaintiff as to the number of brick used and work done and its value. The claim was $590.14. The judge at special term finds the value to be $500. There is nothing in the case which leads to the conclusion that this finding is against the weight of the evidence. It does not appear where the deduction is- made, .and, therefore, it is difficult, if not impossible, to consider and discuss the evidence as to the separate items of labor and materials. The rule that disputed questions of fact, unless there is a decided predominance in favor of the appellant, should be left as found by the trial court.
The judgment should, therefore, be affirmed, with costs.
Pbatt, J., concurs; Dykman, J., not sitting.